UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW LATTAURLO,<br><br>         Plaintiff,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, and the DEPARTMENT OF HOMELAND SECURITY;<br><br>TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;<br><br>RODNEY SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection;<br><br>JOHN DOE 1, in his official capacity as an agent of U.S. Immigration and Customs Enforcement;<br><br>JOHN DOE 2; in his official capacity as an agent of U.S. Immigration and Customs Enforcement;<br><br>JOHN DOE 3; in his official capacity as an agent of U.S. Immigration and Customs Enforcement;<br><br>JANE DOE, HSI ID NO.: 11049, in her official capacity as an agent of Homeland Security Investigations; and<br><br>THE UNITED STATES OF AMERICA,<br><br>         Defendants. | C.A. No.: 1:25-cv-12861 |

**PLAINTIFF'S <u>EMERGENCY</u> MOTION TO RETURN AN ATTORNEY'S UNLAWFULLY SEIZED CELL PHONE AND TO ENJOIN THE SEARCH OF THE ATTORNEY'S CELL PHONE PURSUANT TO FED. R. CIV. P. 65**

NOW COMES Plaintiff who respectfully moves this Court to order the immediate return of his business cell phone, which was unlawfully seized from him on September 28, 2025, at Boston Logan International Airport by agents of the United States Department of Homeland Security, Defendants John Does 1-3 and Jane Doe (HSI ID No.: 11049) (collectively, the "Doe Defendants" or the "federal agents"), acting under the following agencies/Defendants: U.S. Department of Homeland Security ("DHS"), U.S. Customs and Border Protection ("USCBP"), U.S. Immigration and Customs Enforcement ("ICE"), Kristi Noem ("Noem"), Rodney S. Scott ("Scott"), Todd Lyons ("Lyons"), and the United States of America.

As grounds therefore, Plaintiff states that the seizure of his cell phone was made without a warrant, without consent, and without a reasonable suspicion of Plaintiff's involvement in criminal activity. The seizure was made eight hours *after* Plaintiff had been inspected by United States Customs and Border Protection at a border crossing. Plaintiff's phone was unlawfully seized and most likely searched in violation of Plaintiff's First and Fourth Amendments, and the Constitutional rights of his clients. As such, the Plaintiff moves, pursuant to the Federal Rules of Civil Procedure Rule 65 ("Rule 65"), for (1) the immediate return of the phone, (2) an order enjoining Defendants from conduct any search of the phone, and (3) an order the Defendants destroy any information already obtained from the phone or, in the alternative, that any information already obtained be segregated and turned over to the Court for impoundment until this matter is resolved. In support of this motion, Plaintiff submits the attached memorandum.

Respectfully submitted,

ANDREW LATTARULO
By his attorneys,

[SIGNATURE ON THE FOLLOWING PAGE]

2

Dated: October 3, 2025

/s/  *Mary Lemay*
Mary Lemay, BBO # 711345
Patrick Hanley, BBO # 658225
BUTTERS BRAZILIAN LLP
420 Boylston Street, 4th Floor
Boston, MA 02116
Phone: 617-367-2600
hanley@buttersbrazilian.com
lemay@buttersbrazilian.com

## **CERTIFICATE OF SERVICE**

I, Mary Lemay, attorney for the Plaintiff, Andrew Lattarulo, certify the following as of October 3, 2025:

1.  The underlying verified complaint, summons, and instant motion were hand-delivered to the Attorney General of the United States at Boston at 11:20 AM on October 3, 2025.

2.  The underlying verified complaint, summons, and instant motion were mailed via certified mail in accordance with Fed. R. Civ. Pro. 4(i)(1)(A)(ii) and Fed. R. Civ. Pro. 4(i)(1)(B) on Defendant the United States of America.

3.  The underlying verified complaint, summons, and instant motion were sent via certified mail in accordance with Fed. R. Civ. Pro. 4(i)(2) on the Department of Homeland Security, Kristi Noem, Todd Lyons, Rodney Scott, John Doe 1-3, and Jane Doe.

4.  The underlying verified complaint, summons, and instant motion were also sent electronically to the Attorney General of the United States at Washington D.C., and the Attorney General of the United States at Boston by e-mailing the civil clerk in respective offices.

5.  Undersigned counsel has made all reasonable efforts to bring this matter and the instant motion to the attention of each Defendant.

6.  Counsel respectfully requests the court to find notice of all Defendants satisfied under F.R.C.P. Rule 65(a).

7.  In the alternative, given the emergency nature of the relief requested and the rights of Plaintiff and Plaintiff's vulnerable clients at stake, counsel requests the court to find that reasonable efforts have been made to give notice, and that the risk of irreparable harm to Plaintiff and Plaintiff's clients is too significant to delay the Court's consideration of Plaintiff's emergency motion under F.R.C.P. Rule 65(b).

8.  The harm caused by federal agents with adverse interests reviewing privileged attorney-
    client information, as well as private information of Plaintiff, cannot be easily undone. As
    such, further notice outside of all the efforts made to provide notice would be a delay of
    justice.

                                        /s/ Mary Lemay
                                        Mary Lemay, Esq.