

*Homeland Security Investigations*
*Office of the Special Agent in Charge*

**U.S. Department of Homeland Security**
10 Causeway Street Room 722
Boston, MA 02222

# NOTICE OF SUSPECT DOCUMENTS

███████████

Georges Cote, LLP
DBA Georges Cote Law
235 Marginal Street Suite 3
Chelsea, Massachusetts 02150

Dear Sir/Madam:

On September 9, 2025, Homeland Security Investigations (HSI) personnel conducted an inspection of the Employment Eligibility Verification Forms I-9 (Form I-9) and supporting documents provided by Georges Cote Law.

This Notice informs you that, based on HSI's review of these records, the following employee(s) appear unauthorized to work in the United States. The identity and/or employment eligibility documents submitted for these employee(s) were found to relate to other individuals, or lacked a record of issuance, or, if these documents do correspond to the employee(s), do not reflect valid and/or current work authorization in the United States. Accordingly, the documentation previously provided for the below listed employee(s) does not satisfy the Form I-9 employment eligibility verification requirements under the Immigration and Nationality Act (INA).

Employers who continue to employ individuals who are not authorized to work in the United States may face civil penalties, ranging from [for current penalty amounts *https://www.federalregister.gov/documents/2025/01/02/2024-31204/civil-monetary-penalty-adjustments-for-inflation*] per unauthorized worker for a first violation. Higher penalties may be imposed for a second or subsequent violation. Additionally, criminal charges may be brought against individuals or entities engaging in a pattern or practice of knowingly hiring or continuing to employ unauthorized workers.

Under federal law, an employer may not continue to employ an individual with knowledge that they are —or have become — unauthorized for employment. Regulations define "knowing" to include not only actual knowledge, but also awareness inferred from facts and circumstances that, when assessed with reasonable care, would lead a person to recognize an individual's unauthorized employment status.

Once HSI notifies an employer that an employee had presented documentation that appears to be suspect or invalid as proof of identity and/or employment eligibility, the employer must take



Case 1:25-cv-12861-ADB    Document 15-4    Filed 10/14/25    Page 2 of 6

**HOMELAND SECURITY INVESTIGATIONS**
*Office of the Special Agent in Charge New England*
Notice Of Suspect Documents
Page 2

reasonable steps to verify identity and/or work authorization of the affected employee. This verification must occur within **ten (10)** business days from the service date of this Notice. The law does not permit any period of continued employment by individuals who lack authorization to work in the United States, nor does it allow delays in verification for the purpose of replacing terminated employees.

HSI presumes that employers who, within 10 business days of receiving a Notice of Suspect Documents, verify the identity and/or employment authorization of the listed employees, or take appropriate actions to address the apparent employment of unauthorized workers, have demonstrated reasonable care under the INA. The determination of reasonable care depends on the specific circumstances of each case and the employer's ability to resolve the discrepancy. Failure to exercise reasonable care after receiving a Notice of Suspect Documents may result in civil penalties under the INA. No extension of the 10-business day deadline will be granted.

If your company or any affected employee wishes to challenge the findings in this Notice of Suspect Documents, please contact HSI Special Agent Lia-Sophie Keller at ▉ ▉ within **ten (10)** business days of receiving this Notice.

HSI will review the submitted documents and notify your company of its findings by issuing a <u>Confirmation of Notice of Inspection Results</u> or <u>Change to Notice of Inspection Results</u> letter. **While HSI completes its review, your company should refrain from terminating impacted employees.**

For any additional questions, please contact the HSI Special Agent listed above.

Sincerely,

*Michael Giovanoni*

Michael Giovanoni
Assistant Special Agent in Charge

**HOMELAND SECURITY INVESTIGATIONS**
Office of the Special Agent in Charge New England
Notice Of Suspect Documents
Page 3

## Certificate of Service

This Notice of Suspect Documents was served upon the employer by me on 9/25/25, in the following manner:
(Date)

☐ In person   ☐ Electronically   ☒ By certified mail, return receipt requested
FedEx

Electronically served at _____
(Electronic service address of employer/business representative/attorney served)

Expressed consent for electronic service provided by _____
(Name and Title of owner/designated business representative/attorney served)

via email on _____.
(Date)

Eric Cohen
(Printed Name of HSI Special Agent)        (Printed Name of Employer if Personally Served)

*[signature]*
(Signature of HSI Special Agent)           (Signature of Employer if Personally Served)

**HOMELAND SECURITY INVESTIGATIONS**
*Office of the Special Agent in Charge New England*
Notice Of Suspect Documents
Page 4

| | Last Name | First Name | Social Security Number | Alien or Admission Number |
|---|---|---|---|---|
| 1 | ■ | ■ | ■ | ■ |
| 2 | ■ | ■ | ■ | ■ |
| 3 | ■ | ■ | ■ | ■ |
| 4 | ■ | ■ | ■ | ■ |
| 5 | ■ | ■ | ■ | ■ |
| 6 | ■ | ■ | ■ | ■ |
| 7 | ■ | ■ | ■ | ■ |
| 8 | ■ | ■ | ■ | ■ |
| 9 | ■ | ■ | ■ | ■ |
| 10 | ■ | ■ | ■ | ■ |
| 11 | ■ | ■ | ■ | ■ |
| 12 | ■ | ■ | ■ | ■ |
| 13 | ■ | ■ | ■ | ■ |
| 14 | ■ | ■ | ■ | ■ |
| 15 | ■ | ■ | ■ | ■ |
| 16 | ■ | ■ | ■ | ■ |
| 17 | ■ | ■ | ■ | ■ |
| 18 | ■ | ■ | ■ | ■ |
| 19 | ■ | ■ | ■ | ■ |
| 20 | ■ | ■ | ■ | ■ |
| 21 | ■ | ■ | ■ | ■ |
| 22 | ■ | ■ | ■ | ■ |
| 23 | ■ | ■ | ■ | ■ |
| 24 | ■ | ■ | ■ | ■ |
| 25 | ■ | ■ | ■ | ■ |
| 26 | ■ | ■ | ■ | ■ |
| 27 | ■ | ■ | ■ | ■ |
| 28 | ■ | ■ | ■ | ■ |
| 29 | ■ | ■ | ■ | ■ |
| 30 | ■ | ■ | ■ | ■ |
| 31 | ■ | ■ | ■ | ■ |
| 32 | ■ | ■ | ■ | ■ |
| 33 | ■ | ■ | ■ | ■ |
| 34 | ■ | ■ | ■ | ■ |
| 35 | ■ | ■ | ■ | ■ |
| 36 | ■ | ■ | ■ | ■ |
| 37 | ■ | ■ | ■ | ■ |
| 38 | ■ | ■ | ■ | ■ |
| 39 | ■ | ■ | ■ | ■ |
| 40 | ■ | ■ | ■ | ■ |
| 41 | ■ | ■ | ■ | ■ |
| 42 | ■ | ■ | ■ | ■ |
| 43 | ■ | ■ | ■ | ■ |

| | Last Name | First Name | Social Security Number | Alien or Admission Number |
|---|---|---|---|---|
| 44 | | | | |
| 45 | | | | |
| 46 | | | | |
| 47 | | | | |
| 48 | | | | |
| 49 | | | | |
| 50 | | | | |
| 51 | | | | |
| 52 | | | | |
| 53 | | | | |
| 54 | | | | |
| 55 | | | | |
| 56 | | | | |
| 57 | | | | |
| 58 | | | | |
| 59 | | | | |
| 60 | | | | |
| 61 | | | | |
| 62 | | | | |
| 63 | | | | |
| 64 | | | | |
| 65 | | | | |
| 66 | | | | |
| 67 | | | | |
| 68 | | | | |
| 69 | | | | |
| 70 | | | | |
| 71 | | | | |
| 72 | | | | |
| 73 | | | | |
| 74 | | | | |
| 75 | | | | |
| 76 | | | | |
| 77 | | | | |
| 78 | | | | |
| 79 | | | | |
| 80 | | | | |
| 81 | | | | |
| 82 | | | | |
| 83 | | | | |
| 84 | | | | |
| 85 | | | | |
| 86 | | | | |

Case 1:25-cv-12861-ADB     Document 15-4     Filed 10/14/25     Page 6 of 6

**HOMELAND SECURITY INVESTIGATIONS**
*Office of the Special Agent in Charge New England*
**Notice Of Suspect Documents**
*Page 6*

| | Last Name | First Name | Social Security Number | Alien or Admission Number |
|---|---|---|---|---|
| 87 | ■ | ■ | ■ | ■ |
| 88 | ■ | ■ | ■ | ■ |
| 89 | ■ | ■ | ■ | ■ |
| 90 | ■ | ■ | ■ | ■ |
| 91 | ■ | ■ | ■ | ■ |
| 92 | ■ | ■ | ■ | ■ |
| 93 | ■ | ■ | ■ | ■ |
| 94 | ■ | ■ | ■ | ■ |
| 95 | ■ | ■ | ■ | ■ |
| 96 | ■ | ■ | ■ | ■ |
| 97 | ■ | ■ | ■ | ■ |
| 98 | ■ | ■ | ■ | ■ |
| 99 | ■ | ■ | ■ | ■ |
| 100 | ■ | ■ | ■ | ■ |
| 101 | ■ | ■ | ■ | ■ |
| 102 | ■ | ■ | ■ | ■ |
| 103 | ■ | ■ | ■ | ■ |
| 104 | ■ | ■ | ■ | ■ |
| 105 | ■ | ■ | ■ | ■ |
| 106 | ■ | ■ | ■ | ■ |
| 107 | ■ | ■ | ■ | ■ |
| 108 | ■ | ■ | ■ | ■ |
| 109 | ■ | ■ | ■ | ■ |
| 110 | ■ | ■ | ■ | ■ |
| 111 | ■ | ■ | ■ | ■ |
| 112 | ■ | ■ | ■ | ■ |
| 113 | ■ | ■ | ■ | ■ |
| 114 | ■ | ■ | ■ | ■ |
| 115 | ■ | ■ | ■ | ■ |
| 116 | ■ | ■ | ■ | ■ |
| 117 | ■ | ■ | ■ | ■ |