UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREW LATTARULO, ) ) Plaintiff, ) ) v. ) ) KRISTI NOEM, in her official capacity as ) Secretary of Homeland Security, and the ) DEPARTMENT OF HOMELAND ) SECURITY; ) ) TODD LYONS, in his official capacity as ) Acting Director of U.S. Immigration and ) Customs Enforcement; ) ) RODNEY SCOTT, in his official capacity as ) Commissioner of U.S. Customs and Border ) Protection; ) ) JOHN DOE 1, in his official capacity as an ) agent of U.S. Immigration and Customs ) Enforcement; ) ) JOHN DOE 2; in his official capacity as an ) agent of U.S. Immigration and Customs ) Enforcement; ) ) JOHN DOE 3; in his official capacity as an ) agent of U.S. Immigration and Customs ) Enforcement; ) ) JANE DOE, HSI ID NO.: 11049, in her official ) capacity as an agent of Homeland Security ) Investigations; and ) ) THE UNITED STATES OF AMERICA, ) ) Defendants. ) ) | C.A. No.: 1:25-cv-12861 |

**PLAINTIFF'S STATEMENT OF POSITION ON ISSUE OF *IN CAMERA* REVIEW**

On December 1, 2025, the Court held a status conference. Plaintiff asked for and received an opportunity to provide its position on the status of the case, particularly an *in camera* review of materials that the government may provide to the Court to substantiate its reason(s) for seizing and intending to search Plaintiff's mobile phone without a search warrant. Plaintiff's position is two-fold and in order of preference. First, the Court should deny Defendants' request to produce materials for an *in camera* review because the seizure (and intended search) of this phone was unreasonable, and no warrant exception applies to the facts pled in Plaintiff's motion for injunctive relief, nor in Defendants' opposition. As such, the Court should grant the preliminary injunction due to Plaintiff's likelihood of success on the merits, or maintain the status quo until the government ends its investigation or obtains a search warrant from a judge supported by probable cause. Second, if the Court remains inclined to conduct an *in camera* review before deciding on Plaintiff's Motion for Preliminary Injunction, Plaintiff requests that Defendants be required to produce a comprehensive affidavit from Jane Doe, HSI ID No. 11049 and other unnamed agents.

    **I.**    **The Court should deny Defendants' request to produce materials for an *in camera* review because no warrant exception applies that would justify a warrantless search of Plaintiff's phone.**

Plaintiff has extensively argued this point in his original filing and subsequent reply brief. See *Docket Entry # 6; Docket Entry # 16*. For purposes of brevity and efficiency, Plaintiff does not restate each case and point in furtherance of these arguments. Instead, Plaintiff respectively requests the Court to grapple with each argument previously made by Plaintiff and re-averred in this instant statement before proceeding with an *in camera* review of Defendant's materials.

**(a) The seizure of Plaintiff's cell phone did not occur at a border, and thus no border search exception applies.**

The seizure, and any future search, is unlawful because it did not take place at a border. The functional equivalent of the border is "the first point at which an entrant may practically be detained." *United States v. Cardenas*, 9 F.3d 1139, 1147 (1993), citing *Almeida-Sanchez v. United States*, 413 U.S. 266, 272 (1973).[1] As noted previously, Plaintiff had cleared customs and crossed the first point where he could have been detained eight hours before his cell phone was seized. "[I]f the search at issue was not a border search at all, then it would require both a warrant and probable cause, rather than merely reasonable suspicion that the electronic devices would contain evidence of his ongoing export violations." *United States v. Qin*, 57 F.4th 343, 351 (1st Cir. 2023), citing *Riley v. California*, 573 U.S. 373, 382 (2014).

**(b) If the Court finds that the search occurred at the border, the Court should still deny Defendants' request because a border search exception does not apply to Plaintiff's cell phone.**

Plaintiff's position, guided by the Supreme Court's decision in *Riley v. California*, remains that the border search exception does not apply to seized cell phones. 573 U.S. 373 (2014). Right now, the Court has enough information to know that the seizure of the phone, the continued seizure of the phone data, and any future warrantless searches are/would be unlawful.

If the government had the facts, it could have sought a search warrant at any point during the last three months.[2] It has not. This underscores that the Government used a pretextual search

---

[1] As Attorney Hanley preliminarily flagged during the hearing on December 1, 2025, this proposition of law was misattributed to a different line of border search cases on Page 7 of the Plaintiff's Memorandum in Support of his Memorandum of Law in Support of Emergency Injunction.

[2] This is precisely what law enforcement agents did in *United States v. Sultanov*, a case out of the Eastern District of New York, in which the Court held that "[b]ecause '[c]ell phones differ in both a quantitative and a qualitative sense from other objects' a traveler might bring across the border, the Court concludes that it must so yield, and that the government should have obtained a warrant before conducting a search." 742 F. Sipp. 3d 258, 266 (2024) citing *Riley v. California*, 573 U.S. 373, 393 (2014). In *Sultanov*, the Defendant's phone was seized after a manual search of his phone during a customs screening revealed child pornography. Law enforcement then applied for and

3

to circumvent legal process, which fails the reasonableness requirement of a search made without a warrant, *United States v. Kolsuz*, 890 F.3d 133, 143 (4th Cir. 2017), citing *Riley*, 573 U.S. 385-391 ("the scope of a warrant requirement should be defined by its justifications.") With this in mind, Plaintiff urges the Court to grant the preliminary injunction, or maintain the status quo until the government ends its investigation or obtains a search warrant supported by probable cause.

Notably, granting the preliminary injunction would not hinder law enforcement's ability to conduct a warrantless search in which "the exigencies of the situation make the needs of law enforcement so compelling that [a] warrantless search is objectively reasonable under the Fourth Amendment." *Riley* at 402. Nothing would stop law enforcement from searching a phone without a warrant to protect themselves and the public from immediate safety. Which, of course, was the goal articulated by the Supreme Court when they announced the reasonable suspicion standard in *Terry v. Ohio*. See *United States v. Sultanov*, 742 F. Supp. 3d 258, 292 ("Permitting the government to search any entering traveler's cell phone on a mere showing of a reasonable suspicion, and without any showing of exigency, does not satisfy the ultimate test of reasonableness under the Fourth Amendment.")

The Government argues that the reasonable suspicion standard should apply to a border search of a cell phone but this standard is "applicable only to those brief detentions which fall short of being full-scale searches and seizures and *which are necessitated by law enforcement exigencies* such as the need to stop ongoing crimes, to prevent imminent crimes, and to protect law enforcement officers in highly charge situations." *United States v. Sokolow*, 490 U.S. 1, 12 (1989) (Brennan, J. dissenting) (emphasis added). We know that this standard was not met because law enforcement allowed Plaintiff to clear customs and board a plane in Aruba, subsequently returned

---

received a search warrant to conduct a forensic examination on the cell phones two weeks after they were seized at the airport. Here, the Government has not subsequently received a search warrant.

4

the device to Plaintiff, and have not sought a warrant or other relief in order to be able to search the phone without a warrant. For each of these reasons, the Court should grant Plaintiff's request for a preliminary injunction and deny Defendants' request to produce materials *in camera* because the reasonable suspicion standard is unreasonable here.  Otherwise, the Court should maintain the status quo.

> II. **If the Court permits an *in camera* review of Defendants' materials, it should require Defendants to produce a comprehensive affidavit of Jane Doe, HSI ID No. 11049, and other unnamed agents.**

If the Court remains inclined to conduct *in camera* review, Plaintiff urges the Court to compel the government to provide to the Court all information in possession of or within the knowledge of the named Defendants and the unnamed agents present at the airport relating to Plaintiff's social media posts, including all emails and text messages (and any other communications) between the unnamed field agents and supervisors, relating to the detention of Plaintiff and seizure of his phone on September 28, 2025, in a domestic terminal at Logan Airport. Plaintiff asks the Court to specifically compel an affidavit from Jane Doe, HSI ID No. 11049, as to what knowledge she had at the time of the seizure, the origins of that knowledge, and how that knowledge is connected to a border crime for which there was reasonable suspicion that there would be evidence on Plaintiff's cell phone on September 28, 2025.  The Court should likewise compel affidavits from the other agents at the airport.

Lastly, during the hearing on December 1, 2025, the Court asked about the recourse if Defendants are allowed to search Plaintiff's data and the taint team does not properly protect privileged client information. This remains a concern of Plaintiff, especially where suppression of evidence will do little to protect his vulnerable clients if their information is mismanaged by the Federal government. Notably, in *Riley,* the government argued that government agencies could

"develop protocols" to limit the Government's intrusions of personal data stored on cell phones. *Riley* at 397-398. The Court rejected this argument, writing "the Founders did not fight a revolution to gain the right to government agency protocols." *Id.* at 398. "The possibility that a search might extend well beyond papers and effects in the physical proximity of an arrestee is yet another reason that the privacy interests" in cell phones "dwarf those in" other physical property. *Id.* Government protocols are of little solace when the Defendants cannot be trusted to follow them.

        ANDREW LATTARULO
        By his attorneys,

Dated: January 9, 2026

*/s/ Pat Hanley*
Patrick Hanley, BBO # 658225
Mary Lemay, BBO # 711345
BUTTERS BRAZILIAN LLP
420 Boylston Street, 4th Floor
Boston, MA 02116
Phone: 617-367-2600
hanley@buttersbrazilian.com
lemay@buttersbrazilian.com

CERTIFICATE OF SERVICE

    I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF), and paper copies will be sent to those indicated as non-registered participants on January 9, 2026.

        */s/ Pat Hanley*